UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robin Mitchell

    v.                                                      Case No. 21-cv-1068-LM

Janet Hill,
Central Gold Key Realty,
Peter and Marlene Desjardins, and
Charley Arena, Top to Bottom Home
Inspections


**REPORT AND RECOMMENDATION**

    Pro se plaintiff Robin Mitchell, proceeding in forma pauperis, has filed an amended complaint against several businesses and individuals in connection with her purchase of a home. Ms. Mitchell claims that the defendants defrauded her by misrepresenting the condition of the home and discriminated against her on the basis of her disability. The amended complaint (Doc. No. 4) is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).[1]

---

[1] Ms. Mitchell originally filed a complaint on December 14, 2021. (Doc. No. 1). On January 5, 2022, the court granted Ms. Mitchell leave to amend her complaint to include additional facts to support her claim of disability discrimination. (Doc. No. 3). In conducting this preliminary review, the court will consider Ms. Mitchell's allegations in both the original and amended complaints, as well as the documents she has submitted in connection with those complaints.

## Preliminary Review Standard

The magistrate judge conducts a preliminary review of pleadings, like Ms. Mitchell's that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Ms. Mitchell alleges that, in November 2021, she purchased a mobile home and property in Northfield, NH from defendants Peter and Marlene Desjardins for $180,000. In connection with the sale, defendant Janet Hill, a real estate agent working for defendant Central Gold Key Realty, was serving as an agent for both Ms. Mitchell and the sellers. Defendant Charley Arena, of

2

Top to Bottom Home Inspections, performed a pre-sale inspection of the home.

Ms. Mitchell alleges that she has mobility issues that the defendants were aware of. She asserts that despite being told before the sale that she could live "comfortably" in the home, "the facilities" do not work, so she must stay at hotels to get clean. She claims that the sellers lied on property disclosures with respect to water, well, drainage, septic and other issues. She also suggests that defendants Hill and Arena knew or should have known of the home's deficits, but failed to warn her.

## **Analysis**

The court first addresses whether it has jurisdiction over Ms. Mitchell's claims. The court is "under an unflagging duty to ensure that it has jurisdiction over the subject matter of the cases it proposes to adjudicate." Am. Policyholders Ins. Co. v. Nyacol Prod., Inc., 989 F.2d 1256, 1258 (1st Cir. 1993); see also Fideicosimo de la Tierra del Caño Martin Peña v. Fortuño, 604 F.3d 7, 16 (1st Cir. 2010) ("[O]ur 'obligation to inquire sua sponte into our jurisdiction over the matter' exists in every case." (quoting Doyle v. Huntress, Inc., 419 F.3d 3, 6 (1st Cir. 2005))).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The plaintiff has the burden to establish the court's jurisdiction. Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).

To invoke this court's subject matter jurisdiction, a plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, see id. at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. See id. at § 1332(b).

A. Diversity Jurisdiction

According to the complaint, Ms. Mitchell is a citizen of New Hampshire, as are defendants Hill, Central Gold Key Realty and Arena/Top to Bottom Home Inspections. Therefore, Ms. Mitchell cannot invoke diversity jurisdiction with respect to any potential state law claims she could assert in this case. See Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009) (observing that diversity jurisdiction does not exist where "any plaintiff is a citizen of the same state as any defendant").

B.  Federal Question Jurisdiction

The court liberally construes Ms. Mitchell's references to her disability as asserting violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq.  Under the FHA, it is unlawful to discriminate in the sale or rental of a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter.  42 U.S.C. § 3604(f)(1) (A)-(C).  It is also "unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of . . . handicap."  42 U.S.C. § 3605(a).

"The FHA contemplates three types of claims for perceived discrimination: disparate treatment, disparate impact, and failure to make reasonable accommodations." Astralis Condo. Ass'n v. Sec., U.S. Dept. of Hous. and Urb. Dev., 620 F.3d 62, 66-67 (1st Cir. 2010) (internal citations omitted).  Ms. Mitchell, who asserts that she was "taken advantage of," Compl. (Doc. No. 1) at 2, appears to be asserting a claim for disparate treatment.  To prevail on her claim, Ms. Mitchell's complaint must allege that "some discriminatory purpose was a motivating factor behind the challenged action." Vanderburgh House, LLC v. City of Worcester, 530 F. Supp. 3d 145, 154 (D. Mass. 2021). "The discriminatory purpose need not be malicious or invidious,

5

nor need it figure in solely, primarily, or even predominantly into the motivation behind the challenged action . . . . The plaintiff is only required to show that a protected characteristic played a role in the defendant's decision to treat her differently." Id.

Ms. Mitchell has provided the court with both descriptions and documents to support her allegations that she purchased a home that was defective in many relevant aspects that were not made known to her, that she was deceived about other home conditions, and that a post-purchase inspection revealed significantly more defects than did the pre-purchase inspection allegedly performed by defendant Arena. See Am. Compl (Doc. No. 4), Exh. A-G (Doc. Nos. 4-1 -4-14). She also asserts that her physical disabilities were obvious. Nevertheless, there are no facts that would tend to support the necessary legal conclusion that the acts of any defendant were motivated in any way by Ms. Mitchell's disability. Her conclusory assertions that she was "treated differently" because of her disabilities, Am. Comp. (Doc. No. 4) at 2, or the assertion that defendants lied to her about the condition of the home because of her disability, id. at 4, are unsupported conclusions. Moreover, none of the documents Ms. Mitchell has submitted that relate to the inspection and sale make mention of her disabilities. Finally, although Ms. Mitchell alleges that a post-purchase inspection

revealed numerous defects in her home, none are necessarily related to a disabled person's ability to live there, a fact which might support her FHA claim.  Thus, her reliance on the fact that her disabilities were "obvious" is insufficient to state a claim for disability discrimination.

Accordingly, the district judge should dismiss Ms. Mitchell's FHA claim for failure to state a claim upon which relief can be granted.  Moreover, to the extent Ms. Mitchell has asserted state law claims such as negligence or misrepresentation, the district judge should decline to exercise supplemental jurisdiction over those claims, and dismiss them without prejudice to Ms. Mitchell's ability to file suit in state court.  See Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.").

## Conclusion

For the foregoing reasons, the district judge should dismiss the federal claims in this case for failure to state a claim upon which relief can be granted, should decline to exercise supplemental jurisdiction over the state law claims, and dismiss the state claims without prejudice.  Any objections

7

to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                      */s/ Andrea K. Johnstone*
                                                      Andrea K. Johnstone
                                                      United States Magistrate Judge

April 25, 2022

cc: Robin Mitchel, pro se